**The ELK HORN COAL CORPORATION,**
**Plaintiff-Appellee,**

v.

**ALLEGHENY COAL SALES, INC.,**
**Defendant-Appellant.**

**No. 17681.**

United States Court of Appeals
Sixth Circuit.

March 18, 1968.

Edward R. Hays and Francis Burke, Pikeville, Ky., Baird & Hays, Pikeville, Ky., Burke & Justice, Pikeville, Ky., on brief, for appellant.

J. W. Howard, Prestonsburg, Ky., Howard, Francis & Howard, Prestonsburg, Ky., on brief, for appellee.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This as an appeal from an action brought in the United States District Court for the Eastern District of Kentucky by the Elk Horn Coal Corporation,

Appellee herein, the owner of certain mineral rights in coal lands, against Defendant John B. Compton and his sub-lessees Defendants Willie Miller and Jack Harris, alleging that said Defendants had wilfully and wantonly trespassed and taken coal belonging to it. The complaint also asserted a cause of action for the value of the coal when purchased by the Appellant herein, Allegheny Coal Sales, Inc., and further sought recovery from the individual owners of the Appellant Corporation, contending that said individuals knowingly and wrongfully purchased the coal mined from Appellee's property.

The District Court dismissed the complaint against the individual owners of Appellant Corporation and determined that Defendant John B. Compton was a wilful trespasser rendering judgment against him in the amount of $64,479.47, computed at the rate of $5.40 per ton on 11,977.68 tons of coal removed from Appellee's lands. The Court further found that Willie Miller and Jack Harris as sub-lessees were innocent trespassers and rendered judgment against Willie Miller in the amount of $3,363.36, computed at the rate of fifty cents per ton on 6,726.72 tons removed by him, and against Jack Harris in the sum of $2,625.48, computed at the rate of fifty cents per ton on 5,250.96 tons removed by him. Judgment was also entered against Appellant herein in the amount of $26,084.35, computed at the rate of $3.20 per ton on 8,151.36 tons.

Appeal is taken to this Court by Appellant Allegheny Coal Sales, Inc., contesting the measure of damages applied by the District Court in rendering a judgment against it in the sum of $26,-084.35.

The District Court found that 11,977.-68 tons of coal were taken from Appellee's land: 6,726.72 tons taken by Willie Miller and 5,250.96 tons taken by Jack Harris. The Court further found that the taking by Miller and Harris was not wilful and therefore their measure of liability was the reasonable value of the coal in place, which the Court determined was fifty cents per ton.

The Court further found that of the 11,977.68 tons of coal taken by Miller and Harris 8,151.36 tons were traceable as being purchased by Appellant, and assessed damages at the market value of $3.20 per ton.

Only one pertinent question is presented on appeal: Where the Court determines that those who committed the original trespass did so in an innocent manner and delivered the product taken to an innocent purchaser, can the innocent purchaser be assessed at a greater rate than the innocent trespassers? We think not.

Since Elk Horn admitted that it had no plans for extracting the coal in the foreseeable future, under the controlling Kentucky law, the proper measure of damage for coal extracted by innocent trespassers is the reasonable value of the coal in place, Hughett v. Caldwell County, 313 Ky. 85, 230 S.W.2d 92, 21 A.L. R.2d 373 (1950); Kycoga Land Co. Inc. v. Kentucky River Coal Corp., 110 F.2d 894 (6th Cir. 1940), which measure the District Court properly applied to Miller and Harris. Moreover, the Court specifically found that the only coal received by the Appellant was that mined by Miller and Harris, as sub-lessees of Compton and as innocent trespassers. Upon this finding we believe the law is well settled that if the first takers of the coal were guilty of no wilful wrong, the rule of damages can not be more stringent against the innocent purchaser of the coal. This doctrine was well stated in E. E. Boles Wooden-Ware Co. v. United States, 106 U.S. 432, 1 S.Ct. 398, 27 L.Ed. 230 (1882).

This matter is remanded to the District Court with instructions that judgment be entered against the Appellant herein based on the reasonable value of the coal in place, namely fifty cents per ton, as was assessed against the innocent trespassers, Miller and Harris.